[Civ. No. 2143. Third Appellate District.—May 14, 1920.]

FLORENCE AGNES SMYTH, Respondent, v. OSCAR FITCH, as Administrator, etc., Defendant; MAJOR S. WILLIAMS et al., Appellants.

[1] QUIETING TITLE—CAPACITY OF GRANTOR—ORDER OF RESTORATION TO COMPETENCY—EVIDENCE.—In an action to quiet title to real property involving the validity of the deed under which plaintiff claims title, the admission in evidence without objection of an order, made the same day the deed was executed, restoring the grantor to competency, is sufficient to support a finding that she was mentally competent to make such deed.

[2] ID.—MENTAL COMPETENCY OF GRANTOR—COMPLIANCE WITH CONDITIONS IN DEED—EVIDENCE.—In this action to quiet title to certain real property, in addition to the admission of an order restoring to competency the grantor in the deed under which plaintiff claimed title, there was testimony by other witnesses that such grantor was capable of transacting business and of understanding the nature of the transaction resulting in the execution of said deed; and plaintiff's testimony, which was corroborated by the testimony of other witnesses, was sufficient to support the finding of the trial court that plaintiff complied with and carried out the conditions prescribed in such deed, and upon which the property was conveyed to her.

APPEAL from a judgment of the Superior Court of El Dorado County.   George H. Thompson, Judge.   Affirmed.

The facts are stated in the opinion of the court.

William F. Bray for Appellants.

J. F. Pullen for Respondent.

BURNETT, J.—The action was in the usual form to quiet title to certain real property in the county of El Dorado. The appellants herein became parties by a complaint in intervention in which they alleged failure of consideration, fraud, and undue influence on the part of plaintiff in obtaining the deed which she claims, and upon the issues thus raised a trial was had and the findings and judgment were in favor of plaintiff.   The appeal was taken under the alternative method, but appellants have not presented in their brief any of the evidence upon which they relied or to which they desired to direct the attention of this court, as required by section 953c of the Code of Civil Procedure. Nevertheless, we have examined the record and are satisfied that, contrary to the contention of appellants, the findings are amply supported and that we would not be justified in disturbing the conclusion of the lower court.   We may state the salient facts as follows: Emily Charles, a widow, and mother of eight children, among whom were the plaintiff and the interveners herein, was for many years prior to her death in 1916 the owner of a 160-acre farm in said county. On February 24, 1908, she was declared to be mentally incompetent by the superior court of that county and Manfred J. Williams, a son and one of the appellants herein, was appointed guardian, but never qualified or acted as such. On March 27, 1911, she was restored to competency by said court, Judge Arnot presiding, and a judgment of restoration duly made and entered, from which no appeal has ever been taken.   After her restoration, and upon the same day, she made, executed, and delivered to one of her daughters, Florence Agnes Smyth, respondent herein, a deed of said tract of land, wherein she "granted, bargained and sold, conveyed and confirmed" the same to said daughter in con-

sideration of the sum of ten dollars, and also in further consideration of the performance by the grantee of certain conditions, including the constant personal presence of the grantee upon said farm and also the furnishing by her to the grantor of food, clothing, medical attendance, nurse's care, and the defraying of the expense of the last illness, final interment of the grantor after death, said deed providing for reversion in case of a breach. Appellants contend in their brief that the evidence is insufficient to support the finding of the court that the grantor was competent to make such deed and also that the grantee complied with and carried out the conditions therein prescribed.

[1] As to the first of these contentions, the order restoring the grantor to competency, which was admitted in evidence without objection, would be sufficient to support the finding as to her said capacity. [2] Moreover, this was supplemented by the testimony of various witnesses who expressed their opinion that the old lady was capable of transacting business and of understanding the nature of the transaction resulting in the execution of said deed. From the evidence which was thus presented we deem it sufficient to quote from the deposition of C. E. Peters, an attorney at law, as follows: "I saw her on that date [March 11, 1911], in the courtroom of the superior court, El Dorado County, and also at my office. Judge Arnot presided in the superior court. Mrs. Florence Smyth, daughter of Mrs. Charles; Major Williams, son of Mrs. Charles, and possibly Harry Williams and Manfred Williams were present at the session of the superior court, and I was there at that time. After proper proceedings the court made an order restoring Mrs. Charles to mental competency. That was followed by a judgment which was duly entered in the records of the court. After the court proceedings Mrs. Florence Smyth and Mrs. Charles went to my office and a deed was drawn conveying certain property to Mrs. Smyth, and as I remember it, reserving a life interest to Mrs. Charles. I have not seen the deed since it was executed. The deed was acknowledged by Mrs. Charles before Hon. Chas. A. Swisler, Notary Public. I was also satisfied that Mrs. Charles was fully competent, mentally, to execute the instrument. She was quite old at that time, about eighty years, I believe, and she showed keen alertness and understanding. She was es-

pecially practical for a woman of her years, her only hindrance being that she was somewhat deaf. The deed was made by Mrs. Charles without any influence or duress against her of any kind. She did it willingly and voluntarily, stating that she believed it to be the best thing for her to do, considering her circumstances, health and years."

As to the other point, plaintiff herself testified as follows: "Q. You promised and agreed and bound yourself to certain conditions expressed in this deed? A. Yes. Q. Among others to support and maintain the party of the first part as long as she lived and that you should furnish at your expense food, clothing, medical attendance, nurse's care, and the expenses of the last illness—funeral expenses and various other conditions expressed in the deed, you agreed to do that, did you? A. Yes. Q. You did all of that? A. I did. Q. To the best of your ability you complied with all of the conditions of the deed? A. I did. Q. Giving your mother kind attention and care? A. Yes. Q. You have paid for the funeral expenses and erected a monument upon her grave. A. I did. Q. Paid the various expenses of the ranch and taking care of your mother? A. I did." The foregoing evidence would be sufficient, of course, to support the finding of the court as to the said conditions, but we may add that she was corroborated by the testimony of other witnesses.

We think the appeal is without substantial merit and the judgment is affirmed.

Nicol, P. J., *pro tem.*, and Hart, J., concurred.